IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CARSON CORPORATION, | ) | CASE NO. 3:18-CV-01628 |
| Plaintiff, | ) ) ) | JUDGE JEFFREY J. HELMICK |
| v. | ) ) ) | MAGISTRATE JUDGE JAMES R. KNEPP, II |
| PRECISION PIPELINE, LLC, | ) ) | |
| Defendants. | ) ) ) ) | **DEFENDANT PRECISION PIPELINE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** |

Defendant Precision Pipeline, LLC ("Precision"), by and through undersigned Counsel, and for its Answer to the Complaint of Plaintiff Carson Corporation (hereinafter "Plaintiff" or "Carson"), with Separate Defenses and Jury Demand, and its Counterclaim against Plaintiff, states as follows:

**PRECISION'S ANSWER TO "PARTIES, JURISDICTION AND VENUE"**

1. Precision only states that, upon information and belief, Carson is a corporation formed under the laws of the State of New Jersey with its principal place of business in New Jersey.

2. Precision admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Precision only states that Carson performed certain work at the Wolf Creek crossing as a horizontal directional drilling subcontractor of Precision. Precision denies any and all remaining averments and allegations in Paragraph 3 of Plaintiff's Complaint not expressly admitted herein.

4. Precision admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Precision admits that this Court has proper venue.

## PRECISION'S ANSWER TO "BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION"

6. Precision only states that the Rover Pipeline project is an interstate pipeline designed to transport natural gas. Precision denies any and all remaining averments and allegations in Paragraph 6 of Plaintiff's Complaint not expressly admitted herein.

7. Precision only states that it entered into a contract with Energy Transfer Co. for the installation and construction of a pipeline in Ohio, Michigan and West Virginia. Precision denies any and all remaining averments and allegations in Paragraph 7 of Plaintiff's Complaint not expressly admitted herein.

8. Precision only states that it entered into a subcontract with Carson, which is attached to Precision's Counterclaim as Exhibit 1 ("Subcontract"). Further responding, the Subcontract speaks for itself. Precision denies any averments or allegations set forth in Paragraph 8 of Plaintiff's Complaint that are inconsistent with the terms of the Subcontract.

9. Precision only states that Carson was to provide directional drilling at "Wolf Creek crossing" and further states that the Subcontract speaks for itself. Precision denies any averments or allegations set forth in Paragraph 9 of Plaintiff's Complaint that are inconsistent with the terms of the Subcontract.

10. Precision only states that Carson began work at the Wolf Creek crossing in or around April 2017. Precision denies any and all remaining averments and allegations in Paragraph 10 of Plaintiff's Complaint not expressly admitted herein.

11. Precision only states that Carson submitted change order requests for the work identified in Paragraph 11 of Plaintiff's Complaint. Precision denies any and all remaining

averments and allegations in Paragraph 11 of Plaintiff's Complaint not expressly admitted herein.

12. Precision only states that Carson submitted change order requests for the work identified in Paragraph 11 of Plaintiff's Complaint. Precision denies any and all remaining averments and allegations in Paragraph 12 of Plaintiff's Complaint not expressly admitted herein.

13. Precision denies the averments and allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Precision only states that Carson submitted change order requests for the work identified in Paragraph 11 of Plaintiff's Complaint. Precision denies any and all remaining averments and allegations in Paragraph 14 of Plaintiff's Complaint not expressly admitted herein.

15. Precision only states that Carson has requested payment for the change order requests for the work identified in Paragraph 11 of Plaintiff's Complaint. Precision denies any and all remaining averments and allegations in Paragraph 15 of Plaintiff's Complaint not expressly admitted herein.

16. Precision only states that it has received payment from the Owner for certain services and material on the Pipeline project, but denies that any payment is due to Carson.

**PRECISION'S ANSWER TO "FIRST CLAIM (BREACH OF CONTRACT)"**

17. Precision restates and realleges its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 16 herein.

18. Precision denies the averments and allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Precision denies the averments and allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Precision denies the averments and allegations set forth in Paragraph 20 of Plaintiff's Complaint.

### PRECISION'S ANSWER TO "SECOND CLAIM (BREACH OF CONTRACT)"

21. Precision restates and realleges its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 16 herein.

22. Precision denies the averments and allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Precision denies the averments and allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Precision denies the averments and allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Precision denies the averments and allegations set forth in Paragraph 25 of Plaintiff's Complaint.

### PRECISION'S ANSWER TO "THIRD CLAIM (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)"

26. Precision restates and realleges its answers to Paragraphs 1 through 25 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 25 herein.

27. Paragraph 27 states a legal conclusion to which no answer is required. To the extent an answer is required, Precision denies the averments and allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Precision denies the averments and allegations set forth in Paragraph 28 of

4

Plaintiff's Complaint.

29. Precision denies the averments and allegations set forth in Paragraph 29 of Plaintiff's Complaint.

**PRECISION'S ANSWER TO "FOURTH CLAIM (PROMPT PAY ACT – ORC 4113.61)"**

30. Precision restates and realleges its answers to Paragraphs 1 through 29 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 29 herein.

31. Paragraph 31 states a legal conclusion to which no answer is required. To the extent an answer is required, Precision denies the averments and allegations set forth in Paragraph 31 of Plaintiff's Complaint as stated.

32. Precision only states that it submitted applications for payment to the Owner for certain services and material performed or supplied on the Pipeline project by Carson, but denies any further payment is due to Carson. Precision denies any and all remaining averments and allegations in Paragraph 32 of Plaintiff's Complaint not expressly admitted herein.

33. Precision only states that it has received payment from the Owner for certain services and material on the Pipeline project, but denies that any further payment is due to Carson. Precision denies any and all remaining averments and allegations in Paragraph 33 of Plaintiff's Complaint not expressly admitted herein.

34. Precision denies the averments and allegations set forth in Paragraph 34 of Plaintiff's Complaint.

**PRECISION'S ANSWER TO "FIFTH CLAIM
(QUASI-CONTRACT – QUANTUM MERUIT)"**

35. Precision restates and realleges its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 16 herein.

36. Precision denies the averments and allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Precision denies the averments and allegations set forth in Paragraph 37 of Plaintiff's Complaint.

### PRECISION'S ANSWER TO "SIXTH CLAIM (QUASI CONTRACT – UNJUST ENRICHMENT)"

38. Precision restates and realleges its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 16 herein.

39. Precision denies the averments and allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Precision denies the averments and allegations set forth in Paragraph 40 of Plaintiff's Complaint.

### PRECISION'S ANSWER TO "SEVENTH CLAIM (PROMISSORY ESTOPPEL)"

41. Precision restates and realleges its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as if the same are set forth in Paragraphs 1 through 16 herein.

42. Precision denies the averments and allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Precision denies the averments and allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Precision denies the averments and allegations set forth in Paragraph 44 of Plaintiff's Complaint and controverts the unnumbered prayer for relief set forth below Paragraph 44 of Plaintiff's Complaint.

015524\000004\3857129.1

**FIRST AFFIRMATIVE DEFENSE**

45. Precision hereby raises its Rule 12(B)(6) defense of failure to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

46. Precision states that if Plaintiff suffered any of the injuries, losses, and damages alleged in its Complaint, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, intervening cause.

**THIRD AFFIRMATIVE DEFENSE**

47. Precision states that if Plaintiff sustained any of the injuries, losses, and damages alleged in its Complaint, then said injuries, losses, and damages were caused solely by the acts or omissions of persons other than Precision and over whose conduct Precision had no control, right to control, responsibility, or reason to anticipate.

**FOURTH AFFIRMATIVE DEFENSE**

48. Precision states that if Plaintiff suffered any of the injuries, losses and damages alleged in its Complaint then said injuries, losses and damages were a direct and proximate result of its own negligence or contributory conduct. Plaintiff's claims are accordingly barred in whole or in part and Precision is entitled to have the conduct of the parties to this litigation apportioned as required by Ohio or federal law.

**FIFTH AFFIRMATIVE DEFENSE**

49. Precision states that Plaintiff's purported claims against it are barred by the doctrines of waiver, unclean hands, laches and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

50. Precision states that Plaintiff has failed to join parties as required by Rule 19 of the Federal Rules of Civil Procedure and has failed to state its reasons for such nonjoinder. Thus, Plaintiff's Complaint must be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

51. Precision states that at all relevant times it complied with its duties and obligations as defined and limited by the terms the applicable contract(s) in this case. Thus, Plaintiff's Complaint is barred.

## EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by the Economic Loss Rule.

## NINTH AFFIRMATIVE DEFENSE

53. Precision states that Plaintiff failed to abide by its obligations and duties under the applicable contract(s) and, thus, its claims are barred in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

54. Precision states that the amount sought by Plaintiff exceeds the reasonable value of the labor and/or materials provided by Plaintiff and, therefore, the relief sought by Plaintiff is barred in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE

55. Precision states that Plaintiff failed to perform its work in a workmanlike manner and, thus, its claims are barred in whole or in part.

## TWELFTH AFFIRMATIVE DEFENSE

56. Precision states that Plaintiff failed to perform its work in a timely manner and, thus, its claims are barred in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

57. Precision asserts that it is entitled to a setoff (common law and/or contractual) for any and all of Plaintiff's alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate some or all of its alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

59. Precision hereby raises all defenses available to it under R.C. § 4113.61, including, but not limited to, that Precision is entitled reduce amounts due to Carson, if any, or withhold such amounts, if any, to resolve disputed claims involving Carson's Work.

## SIXTEENTH AFFIRMATIVE DEFENSE

60. Precision states that it acted in good faith at all relevant times and, thus, Plaintiff's claims are barred in whole or in part.

## SEVENTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, because of the failure of a condition precedent or subsequent contained within the applicable contract(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

62. Precision hereby raises all defenses available to it under the applicable contract(s).

## NINETEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or release.

## TWENTIETH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred, in whole or in part, due to failure of consideration.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

66. Precision states that Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

67. Plaintiff fails to allege a separate and distinct duty from the parties' express contractual duties covering the subject matter of Plaintiff's Complaint.  Therefore, Plaintiff's quantum meruit, unjust enrichment and promissory estoppel claims should be dismissed

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

68. Precision denies each and every averment and allegation contained in Plaintiff's Complaint not expressly admitted herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

69. Precision reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

**WHEREFORE,** having fully answered, Defendant Precision Pipeline, LLC demands that Plaintiff's Complaint against it be dismissed with prejudice and that it may go hence with its costs, expenses and attorneys' fees without delay and for such other relief that this Court deems just and equitable.

## DEFENDANT/COUNTERCLAIMANT PRECISION PIPELINE, LLC'S COUNTERCLAIM AGAINST CARSON CORPORATION

Defendant/Counterclaimant Precision Pipeline, LLC ("Precision") ("Precision"), by and through undersigned Counsel, and for its Counterclaim against Plaintiff/Counterclaim Defendant Carson Corporation (hereinafter "Carson"), with Jury Demand, states as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Precision is a limited liability company formed under the laws of the State of Wisconsin with its principal place of business in Wisconsin.

2. Upon information and belief, Carson is a corporation formed under the laws of the State of New Jersey with its principal place of business in New Jersey.

3. Because Precision is a citizen of Wisconsin and Carson is a citizen of New Jersey, diversity of citizenship exists and this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

4. Venue is proper because the work performed that is the subject of this Counterclaim primarily occurred in Seneca County, Ohio.

### FACTS

5. The Rover Pipeline project is the construction and installation of an interstate pipeline for the transportation of natural gas ("Pipeline").

6. Precision and Energy Transfer Co. entered into a contract to perform certain aspects of the installation and construction of the Pipeline, including work to be performed in Ohio.

7. On or about March 30, 2017, Precision and Carson entered into a binding Subcontractor Agreement whereby Carson was to provide certain horizontal directional drilling

services for the Pipeline project as further detailed in the Subcontractor Agreement, a true and accurate copy of which is attached hereto as Exhibit 1 ("Subcontract").

8. Precision performed all of its obligations under the Subcontract.

9. Carson's obligations under the Subcontract, include, but are not limited to:

   a) Perform all work under the Subcontract ("Work") "to the satisfaction of Contractor and Owner, whose determination will be final and binding, subject to Subcontractor's right to dispute the same." (Subcontract at § 2);

   b) "[C]ooperate and coordinate with all other contractors, subcontractors, and suppliers so as not to delay or hinder the performance of their work under the Primary Contract." (*Id.*);

   c) "[P]rosecute the Work, or any part thereof, with such diligence as to comply with the Project Schedule, as adjusted from time to time." (*Id.* at § 3); and

   d) "Timely completion of the Work in accordance with the schedule for completion is of importance in connection with this Agreement, and failure to comply with the schedule for reasons due to Subcontractor's fault or failure will be grounds for (a) reduction of any compensation payable to Subcontractor under this Agreement, or (b) any other remedies provided under paragraph 18 of this Agreement." (*Id.*)

10. Carson failed to abide by its obligations under the Subcontract, including, but not limited to, those provisions of the Subcontract set forth in the preceding Paragraph.

11. Carson failed to perform its Work in a timely manner in accordance with the schedule for the Pipeline project.

12. Carson failed to perform its Work in a workmanlike manner on the Pipeline project, including, but not limited to, work quality issues with the pilot pass and reaming process as well as causing the piping to get stuck multiple times and damaging the pipe in the process.

13. As a direct and proximate result of, *inter alia*, Carson's failure to perform its Work in a timely manner and/or its failure to perform its Work in a workmanlike manner, Precision terminated the Subcontract on or around July 29, 2017 in accordance with, *inter alia*, §

18 of the Subcontract.

## COUNT I – BREACH OF CONTRACT

14. Precision hereby incorporates Paragraphs 1-13 of this Counterclaim by reference as though fully set forth herein.

15. Precision and Carson entered into a binding written contract—the Subcontract.

16. Precision performed all of its obligations to Carson under the Subcontract.

17. Carson failed to satisfy its obligations under the Subcontract, including, but not limited to, failing to perform its Work in a timely manner and/or failing to perform its Work in a workmanlike manner as further detailed in Paragraphs 9 - 13.

18. As a result, Carson breached the Subcontract.

19. As a direct and proximate result of Carson's breach of the Subcontract, Precision has suffered damages (in an amount to be determined at trial, plus interest, costs and attorneys' fees), including but not limited to, the cost to remedy Carson's deficient Work and the cost to complete Carson's Work.

20. As a direct and proximate result of Carson's breach of the Subcontract, Precision has suffered damages (in an amount to be determined at trial, plus interest, costs and attorneys' fees) at other sections of the Pipeline project, including, but not limited to, delay damages.

21. Precision is entitled to set-off amounts due to Carson, if any, on the Pipeline Project as a result of Carson's breach and Precision's resulting damages.

22. Under the Subcontract, Carson is entitled to recover its costs, expenses and attorneys' fees that were incurred as a result of Carson's breach of the Subcontract, which are ongoing and include Precision's attorneys' fees incurred in the defense of this lawsuit and prosecution of this Counterclaim.

**WHEREFORE**, Defendant/Counterclaimant Precision Pipeline, LLC requests that judgment be entered in its favor and against Plaintiff/Counterclaim Defendant Carson Corporation for any and all damages suffered as a result of Carson's breaches of the Subcontract, including, but not limited to, the cost to retain other entities to finish and remedy Carson's work, delay damages, additional overhead, additional labor costs and expenses, lost productivity, expectational damages, interest, attorneys' fees, and such other relief, legal or equitable, that this Court deems just and proper.

Respectfully submitted,

/s/ *Seth H. Wamelink*
Joseph P. Koncelik (0061692)
Seth H. Wamelink (0082970)
Frederick D. Cruz (0093598)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:   216.592.5000
Facsimile:   216.592.5009
E-mail:      joseph.koncelik@tuckerellis.com
             seth.wamelink@tuckerellis.com
             frederick.cruz@tuckerellis.com

*Attorneys for Defendant Precision Pipeline, LLC*

## JURY DEMAND

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Precision Pipeline, LLC demands a trial by jury on all issues.

/s/ *Seth H. Wamelink*
*One of the Attorneys for Defendant*
*Precision Pipeline, LLC*

## PROOF OF SERVICE

I hereby certify that on August 6, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Seth H. Wamelink*
*One of the Attorneys for Defendant*
*Precision Pipeline, LLC*