IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CARSON CORPORATION, | CASE NO. 3:18-CV-01628 |
| Plaintiff, | JUDGE JEFFREY J. HELMICK |
| v. | MAGISTRATE JUDGE JAMES R. KNEPP, II |
| PRECISION PIPELINE, LLC, | **DEFENDANT PRECISION PIPELINE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| Defendants. | |

Defendant Precision Pipeline, LLC ("Precision"), by and through undersigned Counsel, and for its Answer to the First Amended Complaint of Plaintiff Carson Corporation (hereinafter "Plaintiff" or "Carson"), with Separate Defenses and Jury Demand, and its Counterclaim against Plaintiff, states as follows:

**PRECISION'S ANSWER TO "PARTIES, JURISDICTION AND VENUE"**

1.  Precision only states that, upon information and belief, Carson is a corporation formed under the laws of the State of New Jersey with its principal place of business in New Jersey.

2.  Precision admits the allegations in Paragraph 2 of Plaintiff's First Amended Complaint.

3.  Precision admits the allegations in Paragraph 3 of Plaintiff's First Amended Complaint.

4.  Precision only states that Carson performed certain work at the Wolf Creek crossing as a horizontal directional drilling subcontractor of Precision.  Precision denies any and all remaining averments and allegations in Paragraph 4 of Plaintiff's First Amended Complaint

not expressly admitted herein.

5. Precision admits the allegations in Paragraph 4 of Plaintiff's First Amended Complaint.

6. Precision admits that venue is proper in this Court.

**PRECISION'S ANSWER TO "BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION"**

7. Precision only states that the Rover Pipeline project is an interstate pipeline designed to transport natural gas. Precision denies any and all remaining averments and allegations in Paragraph 7 of Plaintiff's First Amended Complaint not expressly admitted herein.

8. Precision only states that it entered into a contract with Energy Transfer Co. for the installation and construction of a pipeline in Ohio, Michigan and West Virginia. Precision denies any and all remaining averments and allegations in Paragraph 8 of Plaintiff's First Amended Complaint not expressly admitted herein.

9. Precision only states that it entered into a subcontract with Carson, which is attached to Precision's Counterclaim as Exhibit 1 ("Subcontract"). Further responding, the Subcontract speaks for itself. Precision denies any averments or allegations set forth in Paragraph 9 of Plaintiff's First Amended Complaint that are inconsistent with the terms of the Subcontract.

10. Precision only states that Carson was to provide directional drilling at "Wolf Creek crossing" and further states that the Subcontract speaks for itself. Precision denies any averments or allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint that are inconsistent with the terms of the Subcontract.

11. Precision only states that Carson began work at the Wolf Creek crossing in or

around April 2017. Precision denies any and all remaining averments and allegations in Paragraph 11 of Plaintiff's First Amended Complaint not expressly admitted herein.

12. Precision only states that Carson submitted change order requests for the work identified in Paragraph 12 of Plaintiff's First Amended Complaint. Precision denies any and all remaining averments and allegations in Paragraph 12 of Plaintiff's First Amended Complaint not expressly admitted herein.

13. Precision only states that Carson submitted change order requests for the work identified in Paragraph 12 of Plaintiff's First Amended Complaint. Precision denies any and all remaining averments and allegations in Paragraph 13 of Plaintiff's First Amended Complaint not expressly admitted herein.

14. Precision denies the averments and allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Precision only states that Carson submitted change order requests for the work identified in Paragraph 12 of Plaintiff's First Amended Complaint. Precision denies any and all remaining averments and allegations in Paragraph 15 of Plaintiff's First Amended Complaint not expressly admitted herein.

16. Precision only states that Carson has requested payment for the change order requests for the work identified in Paragraph 12 of Plaintiff's First Amended Complaint. Precision denies any and all remaining averments and allegations in Paragraph 16 of Plaintiff's First Amended Complaint not expressly admitted herein.

17. Precision only states that it has received payment from the Owner for certain services and material on the Pipeline project, but denies that any payment is due to Carson.

18. Precision denies the averments and allegations set forth in Paragraph 18 of

Plaintiff's First Amended Complaint.

19. Precision only states that it terminated Carson from the Pipeline project on or around July 29, 2017. Precision denies any and all remaining averments and allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Precision denies the averments and allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint.

### PRECISION'S ANSWER TO "FIRST COUNT (BREACH OF CONTRACT – CHANGE ORDER)"

21. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

22. Precision denies the averments and allegations set forth in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Precision denies the averments and allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Precision denies the averments and allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint.

### PRECISION'S ANSWER TO "SECOND COUNT (BREACH OF CONTRACT – CHANGE ORDERS)"

25. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

26. Precision denies the averments and allegations set forth in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Precision denies the averments and allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Precision denies the averments and allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Precision denies the averments and allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint.

## PRECISION'S ANSWER TO "THIRD COUNT (BREACH OF CONTRACT - SUBCONTRACT)

30. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

31. Precision denies the averments and allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Precision denies the averments and allegations set forth in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Precision denies the averments and allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Precision denies the averments and allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint.

## PRECISION'S ANSWER TO "FOURTH COUNT (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)"

35. Precision restates and realleges its answers to Paragraphs 1 through 34 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 34 herein.

36. Paragraph 36 states a legal conclusion to which no answer is required. To the extent an answer is required, Precision denies the averments and allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Precision denies the averments and allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Precision denies the averments and allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint.

**PRECISION'S ANSWER TO "FIFTH COUNT (PROMPT PAY ACT – ORC 4113.61)"**

39. Precision restates and realleges its answers to Paragraphs 1 through 38 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 38 herein.

40. Paragraph 40 states a legal conclusion to which no answer is required. To the extent an answer is required, Precision denies the averments and allegations set forth in Paragraph 40 of Plaintiff's First Amended Complaint as stated.

41. Precision only states that it submitted applications for payment to the Owner for certain services and material performed or supplied on the Pipeline project by Carson, but denies any further payment is due to Carson. Precision denies any and all remaining averments and allegations in Paragraph 41 of Plaintiff's First Amended Complaint not expressly admitted herein.

42. Precision only states that it has received payment from the Owner for certain services and material on the Pipeline project, but denies that any further payment is due to Carson. Precision denies any and all remaining averments and allegations in Paragraph 42 of Plaintiff's First Amended Complaint not expressly admitted herein.

43. Precision denies the averments and allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint.

### PRECISION'S ANSWER TO "SIXTH COUNT (QUASI-CONTRACT – QUANTUM MERUIT)"

44. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

45. Precision denies the averments and allegations set forth in Paragraph 45 of Plaintiff's First Amended Complaint.

46. Precision denies the averments and allegations set forth in Paragraph 46 of Plaintiff's First Amended Complaint.

### PRECISION'S ANSWER TO "SEVENTH COUNT (QUASI CONTRACT – UNJUST ENRICHMENT)"

47. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

48. Precision denies the averments and allegations set forth in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Precision denies the averments and allegations set forth in Paragraph 49 of Plaintiff's First Amended Complaint.

### PRECISION'S ANSWER TO "EIGHTH COUNT (PROMISSORY ESTOPPEL)"

50. Precision restates and realleges its answers to Paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if the same are set forth in Paragraphs 1 through 20 herein.

015524\000004\3888650.1

51. Precision denies the averments and allegations set forth in Paragraph 51 of Plaintiff's First Amended Complaint.

52. Precision denies the averments and allegations set forth in Paragraph 52 of Plaintiff's First Amended Complaint.

53. Precision denies the averments and allegations set forth in Paragraph 53 of Plaintiff's First Amended Complaint and controverts the unnumbered prayer for relief set forth below Paragraph 53 of Plaintiff's First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

54. Precision hereby raises its Rule 12(B)(6) defense of failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

55. Precision states that if Plaintiff suffered any of the injuries, losses, and damages alleged in its First Amended Complaint, then said injuries, losses, and damages were a direct and proximate result of a responsible, superseding, intervening cause.

## THIRD AFFIRMATIVE DEFENSE

56. Precision states that if Plaintiff sustained any of the injuries, losses, and damages alleged in its First Amended Complaint, then said injuries, losses, and damages were caused solely by the acts or omissions of persons other than Precision and over whose conduct Precision had no control, right to control, responsibility, or reason to anticipate.

## FOURTH AFFIRMATIVE DEFENSE

57. Precision states that if Plaintiff suffered any of the injuries, losses and damages alleged in its First Amended Complaint then said injuries, losses and damages were a direct and proximate result of its own negligence or contributory conduct. Plaintiff's claims are

accordingly barred in whole or in part and Precision is entitled to have the conduct of the parties to this litigation apportioned as required by Ohio or federal law.

### FIFTH AFFIRMATIVE DEFENSE

58. Precision states that Plaintiff's purported claims against it are barred by the doctrines of waiver, unclean hands, laches and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

59. Precision states that Plaintiff has failed to join parties as required by Rule 19 of the Federal Rules of Civil Procedure and has failed to state its reasons for such nonjoinder. Thus, Plaintiff's First Amended Complaint must be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

60. Precision states that at all relevant times it complied with its duties and obligations as defined and limited by the terms of the applicable contract(s) in this case. Thus, Plaintiff's First Amended Complaint is barred.

### EIGHTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by the Economic Loss Rule.

### NINTH AFFIRMATIVE DEFENSE

62. Precision states that Plaintiff failed to abide by its obligations and duties under the applicable contract(s) and, thus, its claims are barred in whole or in part.

### TENTH AFFIRMATIVE DEFENSE

63. Precision states that the amount sought by Plaintiff exceeds the reasonable value of the labor and/or materials provided by Plaintiff and, therefore, the relief sought by Plaintiff is barred in whole or in part.

### ELEVENTH AFFIRMATIVE DEFENSE

64. Precision states that Plaintiff failed to perform its work in a workmanlike manner and, thus, its claims are barred in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

65. Precision states that Plaintiff failed to perform its work in a timely manner and, thus, its claims are barred in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE

66. Precision asserts that it is entitled to a setoff (common law and/or contractual) for any and all of Plaintiff's alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate some or all of its alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

68. Precision hereby raises all defenses available to it under R.C. § 4113.61, including, but not limited to, that Precision is entitled reduce amounts due to Carson, if any, or withhold such amounts, if any, to resolve disputed claims involving Carson's Work.

### SIXTEENTH AFFIRMATIVE DEFENSE

69. Precision states that it acted in good faith at all relevant times and, thus, Plaintiff's claims are barred in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred, in whole or in part, because of the failure of a condition precedent or subsequent contained within the applicable contract(s).

### EIGHTEENTH AFFIRMATIVE DEFENSE

71. Precision hereby raises all defenses available to it under the applicable contract(s).

**NINETEENTH AFFIRMATIVE DEFENSE**

72. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or release.

**TWENTIETH AFFIRMATIVE DEFENSE**

73. Plaintiff's claims are barred, in whole or in part, due to failure of consideration.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

74. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

75. Precision states that Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

76. Plaintiff fails to allege a separate and distinct duty from the parties' express contractual duties covering the subject matter of Plaintiff's First Amended Complaint. Therefore, Plaintiff's quantum meruit, unjust enrichment and promissory estoppel claims should be dismissed.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

77. Breach of implied covenant of good faith and fair dealing is not a separate cause of action in Ohio and, therefore, should be dismissed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

78. Precision denies each and every averment and allegation contained in Plaintiff's First Amended Complaint not expressly admitted herein.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

79. Precision reserves the right to raise such additional defenses as may be established during discovery and by the evidence in this case.

**WHEREFORE,** having fully answered, Defendant Precision Pipeline, LLC demands that Plaintiff's First Amended Complaint against it be dismissed with prejudice and that it may go hence with its costs, expenses and attorneys' fees without delay and for such other relief that this Court deems just and equitable.[1]

                                                           Respectfully submitted,

                                                           /s/ *Seth H. Wamelink*
                                                           Joseph P. Koncelik (0061692)
                                                           Seth H. Wamelink (0082970)
                                                           Frederick D. Cruz (0093598)
                                                           TUCKER ELLIS LLP
                                                           950 Main Avenue, Suite 1100
                                                           Cleveland, OH 44113
                                                           Telephone:   216.592.5000
                                                           Facsimile:    216.592.5009
                                                           E-mail:       joseph.koncelik@tuckerellis.com
                                                                            seth.wamelink@tuckerellis.com
                                                                            frederick.cruz@tuckerellis.com

                                                          *Attorneys for Defendant Precision Pipeline, LLC*

---

[1] To the extent required, Precision incorporates and reasserts its Counterclaim as originally pled in its Answer and Counterclaim to Plaintiff's Complaint.

## JURY DEMAND

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Precision Pipeline, LLC demands a trial by jury on all issues.

/s/ *Seth H. Wamelink*
*One of the Attorneys for Defendant*
*Precision Pipeline, LLC*

## PROOF OF SERVICE

I hereby certify that on September 7, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Seth H. Wamelink*
*One of the Attorneys for Defendant*
*Precision Pipeline, LLC*